NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0037n.06
Filed: January 16, 2009

Case No. 07-6485

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | MIDDLE DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| GREGORY JEROME McMURRY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| ———————————————— | ) | |

BEFORE: NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Gregory Jerome McMurry appeals his sentence, arguing that the district court imposed a sentence that was unreasonable, based on his particular, personal circumstances. For the reasons that follow, we AFFIRM the district court.

**I.**

Defendant Greg McMurry pled guilty to six counts of unlawful distribution of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1). By pleading to these charges, McMurry accepted responsibility for 38.2 grams of crack cocaine, which corresponded to a base-offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5). But the presentence report (PSR) revealed ten prior criminal convictions, five of them drug offenses, which rendered McMurry a career offender and increased his offense level to 34, pursuant to U.S.S.G. § 4B1.1(b)(B). Following a three-level acceptance-of-responsibility adjustment, the PSR set McMurry's total offense level at 31.

The ten prior convictions translated to 17 criminal history points, with three points added

because he committed the instant offense within two years of his release from prison and while on parole. This resulted in a criminal history category VI, the maximum category. McMurry's designation as a career offender also designated his criminal history category as VI.

Based on the offense level of 31 and the criminal history category of VI, McMurry's advisory guideline range was 188 to 235 months in prison. At the sentencing hearing, McMurry's attorney sought a downward variance to a sentence of 70 months, based on five arguments: (1) the career offender designation overstated McMurry's actual criminal conduct; (2) the high offense level was the product of a police scheme of sentence manipulation or sentence entrapment; (3) the sentence was inflated by the powder-versus-crack-cocaine conversion rate; (4) McMurry is almost retarded (an IQ of 74) and cannot be held fully culpable; and (5) McMurry is too old (age 37) to recidivate upon release from prison after 70 months. The government opposed these arguments.

At the sentencing hearing, the district court addressed each of these arguments and acknowledged its discretion in sentencing McMurry in accordance with the 18 U.S.C. § 3553 factors, regardless of the advisory guidelines. The court then rejected each of McMurry's arguments and sentenced him to 188 months, the low end of the advisory range. McMurry appeals and raises the same five arguments to explain why he is entitled to a below-guidelines sentence. The government disagrees.

## II.

McMurry concedes that this panel must review the district court's sentencing decision under the highly deferential abuse-of-discretion standard, *see Gall v. United States*, 128 S. Ct. 586, 597 (2007), and that the Sixth Circuit applies a presumption of reasonableness to within-guidelines sentences, *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008). But he insists that the

2

court misunderstood his arguments, which, properly understood, overcome the presumption and, therefore, the district court abused its discretion by failing to heed them.

After carefully reviewing the sentencing transcript, we have no doubt that the district court heard and understood McMurry's arguments. The court just disagreed with them. So, the question is whether that disagreement was so unexplained or inexplicable that the panel must find that the court abused its discretion by disagreeing. It was not. The court explained itself fully.

The district court clearly and persuasively explained its position on each of McMurry's arguments and the record supports its explanations. McMurry had ten prior convictions, five of them for controlled substance offenses, and any two of them would qualify him as a career offender; so the career offender designation does not overstate his actual criminal conduct. The government produced testimony to demonstrate that its repeated purchases of cocaine from McMurry were due to its belief that he was a part of a larger network; on the other hand, the record contains no evidence to support the accusation of sentence manipulation or sentence entrapment. The district court found that the recent amendments to the sentencing guidelines sufficiently address McMurry's concerns about the impact of the powder-versus-crack-cocaine disparity on his sentence. The government produced testimony that — regardless of his low IQ — those who dealt with McMurry in his business capacity (i.e., as a drug dealer), found him astute, conversant, and professional. And, rather than finding McMurry unlikely to recidivate due to his (allegedly) advanced age, the court found him very likely to recidivate due to his professed inability to obtain other employment due to a lack of life skills (and, apparently, borderline-retarded IQ). The court considered all of this collectively and, granting McMurry a fair bit of mercy, sentenced him to the low end of the guidelines range. This was not an abuse of discretion.

3

**III.**

For the foregoing reasons, we **AFFIRM** the district court's judgment and sentence.